```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

RAMONA BROCKETT                 *
                                *
      Appellant,                *
v.                              *
                                *    Civil Action No. WMN-16-1020
JUDY A. ROBBINS                 *
United States Trustee           *
for Region Four                 *
                                *
      Appellee.                 *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## MEMORANDUM

Now pending before the Court is Ramona Brockett's Motion for Leave to Appeal.  ECF No. 1.  Also pending before the Court is Brockett's Motion for an Extension of Time.  ECF No. 5.  For the reasons set forth below, both motions will be denied.

On April 2, 2013, Brockett commenced a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the District of Maryland, Bankruptcy Petition Number 13-15745-RAG.  On October 10, 2013, the United States Trustee filed a complaint to deny Brockett's bankruptcy discharge, which commenced Adversary Proceeding Number 13-587-RAG.  The United States Trustee's Complaint accused Brockett of fraudulently concealing and transferring assets prior to filing for bankruptcy and making a false oath regarding those assets.  Trial was held on December 8, 2014.  Brockett appeared <u>pro se</u> and participated fully in the trial.  At the conclusion of evidence, the bankruptcy court

requested that the parties submit post-trial memoranda and return at a later date to present closing arguments.  Closing argument was originally set for March 2, 2015, but was rescheduled twice, once at Brockett's request, and subsequently on the bankruptcy court's own initiative to May 4, 2015.

On April 21, 2015, Brockett filed an emergency motion to continue the May 4th hearing due to illness, which was denied.  The bankruptcy court reasoned that

> [t]he evidence that confirms [Brockett]'s medical condition reflects an inability to stand for long periods.  She will not have to stand in court.  Moreover, she has traveled to New York to receive the evaluations, journeys which had to be at least as physically taxing as her court appearance will be.  Finally, her effort to guard her doctors from further disclosure, while requesting a continuance on the basis of their representations, is not becoming.

ECF No. 1-6 at 8.  Brockett moved for reconsideration of the emergency motion to continue and the bankruptcy court denied that request, without comment.  At the May 4th hearing, the bankruptcy court ruled in favor of the United States Trustee on the merits and in all respects.  On May 7, 2015, the bankruptcy court entered final judgment in favor of the United States Trustee, denying Brockett's discharge.  Brockett never appealed the bankruptcy court's final judgment.  Brockett did, however, file a Notice of Motion for Leave to File an Interlocutory Appeal (Interlocutory Motion) on May 14, 2015.  The Interlocutory Motion sought to appeal the bankruptcy court's

orders issued April 29, 2015, and May 1, 2015, denying Brockett's requests to continue the May 4th hearing.  The bankruptcy court denied Brockett's Interlocutory Motion, reasoning that the challenged orders became final upon the entry of final judgment.

On July 13, 2015, Brockett filed a motion titled "Defendant/Debtor's Motion for Request for Relief from a Judgement or Order Based on Clerical Mistake, Overight or Omission" (Reconsideration Motion).  ECF No. 1-5.  As applicable to this appeal, the motion contended that the bankruptcy court should not have denied Brockett's Interlocutory Motion.  The bankruptcy court found that Brockett's contention of improper denial "may be correct, if for a different reason than that stated in the Reconsideration Motion."  ECF No. 1 at 3.  Because the potential flaw in the bankruptcy court's denial of the Interlocutory Motion was jurisdictional in nature, it was raised sua sponte.

The bankruptcy court noted that Federal Rule of Bankruptcy Procedure 8004(c)(1)[1] "would require a properly filed motion for interlocutory appeal to be promptly transferred by the clerk of the bankruptcy court to the clerk of the district court" (emphasis added).  Id.  The bankruptcy court observed that

---

[1] Unless otherwise noted, all references to rules hereafter refer to the Federal Rules of Bankruptcy Procedure.

Brockett's Interlocutory Motion was not accompanied by a separate notice of appeal as required by Rule 8004(a), nor the prescribed filing fee as required by Rule 8003(a).  The bankruptcy stated that

> [w]hether the Interlocutory Motion, sans both the fee and separate notice of appeal, was properly filed and should have triggered a prompt transfer raises a legitimate question.  But whether the Interlocutory Motion was properly filed or not, the better course of action would have been for the Oversigned not to rule upon it.

Id. at 3-4.  The bankruptcy court concluded that if an appeal was legitimately commenced, then the court no longer had jurisdiction to issue the order denying the Interlocutory Motion.  The bankruptcy court granted Brockett's Reconsideration Motion in part, vacated its order denying the Interlocutory Motion, and transferred the Interlocutory Motion to this Court.

Thus, on April 5, 2016, the Interlocutory Motion was docketed in this Court as Brockett's Motion for Leave to Appeal.  ECF No. 1.  On April 15, 2016, in accordance with Rule 8004(b)(2), the United States Trustee filed a response in opposition to the Motion for Leave to Appeal.  ECF No. 3.  On May 3, 2016, Brockett filed a Motion for Extension of Time due to medical circumstances, requesting a three month extension to file a reply to the United States Trustee's Opposition.  ECF No. 5.  The United States Trustee opposed the motion to extend time.  ECF No. 7.  Brockett replied to that opposition.  ECF No. 8.

A. Motion for an Extension of Time

Motions for interlocutory appeals of bankruptcy court rulings are governed by Rule 8004.  To commence an interlocutory appeal, Rule 8004(a) provides that a notice of appeal accompanied by a motion for leave to appeal is to be filed with the bankruptcy clerk.  Then, under Rule 8004(c), the bankruptcy clerk is to promptly transmit the notice of appeal and the motion for leave to appeal to the district clerk.  Finally, Rule 8004(b)(2) provides that a response or cross-motion may be filed with the district clerk.  Hence, Rule 8004 provides for a motion, and an opposition, but does not provide for any further submissions on the matter.  See, e.g., Fed. R. Bank. P. 8004(c)(3) ("The motion and any response or cross-motion are submitted without oral argument unless the district court or [bankruptcy appellate panel] orders otherwise.").  Upon review of Rule 8004, there is no basis to grant the extension Brockett seeks, as there is no deadline to extend for further filings in this matter.  Therefore, Brockett's Motion for Extension of Time, ECF No. 5, will be denied.

B. Motion for Leave to Appeal

The jurisdiction of the federal district courts to review orders of the bankruptcy courts is governed by 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; ... and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges.

As articulated above, only final orders are appealable by right; leave of the district court must be sought by motion to appeal an interlocutory order. Under Rule 8004(a), "[t]o appeal from an interlocutory order ... a party <u>must</u> file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)." Rule 8003(a)(3) states, in part, that "[t]he notice of appeal <u>must</u> . . . be accompanied by the prescribed fee." Thus, compliance with Rules 8004(a) and 8003(a)(3) is mandatory when seeking leave from the district court to appeal an interlocutory order.[2]

As stated previously, Brockett's Interlocutory Motion, <u>i.e.</u> motion for leave, was not accompanied by a separate notice of appeal as required by Rule 8004(a), nor the prescribed filing fee as required by Rule 8003(a)(3). The bankruptcy court liberally construed Brockett's Interlocutory Motion as a notice of appeal due to her <u>pro se</u> status. The bankruptcy court cited

---

[2] Rule 8004(d) allows for leniency when an appellant files a notice of appeal but does not include a motion for leave. The Court notes that Rule 8004(d) is silent on the opposite situation which occurred here, <u>i.e.</u> the filing of a motion without a notice. This Court agrees with the United States Trustee; "if the Supreme Court, who promulgates the Bankruptcy Rules pursuant to 28 U.S.C. § 2075, had intended for motions for leave to appeal to be construed as notices of appeal, the Rule would have provided for such just as it does in the opposite situation." ECF No. 3 at 15.

6

United States v. Garcia, 65 F.3d 17, 19 (4th Cir. 1995), for the proposition that notices of appeal are to be liberally construed, especially when filed by an unrepresented party. Unlike in Garcia, where the pro se notice of appeal was deficient, Brockett's notice of appeal is non-existent. Although precedent allows the Court to liberally construe a notice of appeal that is "technically at variance with the letter of a procedural rule," it does not excuse noncompliance with that rule. Id.; see United States v. Little, 392 F.3d 671, 681 (4th Cir. 2004) (refusing to construe pro se litigant's letter to the court clerk requesting action on a motion to constitute a notice of appeal); United States v. Groves, Case No. 98-6635, 1999 WL 515445, at *4 (4th Cir. July 21, 1999) (refusing to consider pro se litigant's motion for reconsideration to be a notice of appeal).

Upon review, this Court finds that Brockett's pro se status cannot excuse non-compliance with mandatory procedures. Based on Rule 8002(a)(1), Brockett was required to file a notice of appeal with the clerk of the bankruptcy court within 14 days after entry of the final judgment- an event that never occurred here. The absence of a timely filed notice of appeal prevents this Court from having jurisdiction to consider Brockett's request. See O'Keeffe v. Wolff, Case No. GJH-14-3829, 2015 WL 327652, at *1 (D. Md. Jan. 23, 2015) ("[i]f the notice of appeal

7

is not filed timely, the federal district court is deprived of jurisdiction to hear the appeal.").

Were this Court to conclude that it had jurisdiction over Brockett's Motion for Leave to Appeal, it would be denied as moot nonetheless because all interlocutory orders have merged into the final judgment.  See Calderon v. Geico Gen. Ins. Co., 809 F.3d 111, 120 (4th Cir. 2015) (non-appealable interlocutory orders are merged into the final order and can be reviewed upon appeal of the final order); Hellerstein v. Mr. Steak, Inc., 531 F.2d 470, 474 (10th Cir. 1976) ("The general rule is that an interlocutory order from which no appeal lies is merged into the final judgment and open to review on appeal from that judgment"); Ficken v. Golden, 696 F. Supp. 2d 21, 37 (D.D.C. 2010) ("Given that the court has dismissed all of the plaintiffs' claims against all of the defendants, this motion for an interlocutory appeal is now moot."); Zimmerman v. Novartis Pharm. Corp., 287 F.R.D. 357, 364 (D. Md. 2012) ("Finally, Plaintiff seeks permission to file an interlocutory appeal of this Court's punitive damages ruling.  This motion is also now moot in light of the summary judgment ruling, and accordingly will be denied as moot.").  Once final judgment was entered by the bankruptcy court, the orders denying the postponement of the May 4, 2015, hearing could only be appealed

as part of an appeal of the final judgment, an appeal which was never taken.

    For the above-stated reasons, Brockett's motions will be denied. A separate order will issue.

```
            _____/s/_  _____
                 William M. Nickerson
                 Senior United States District Judge
```

DATED: May 25, 2016